EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO F. GOTAY, EUGENIO PÉREZ RÍOS y ERNESTO JIMÉNEZ, acusados y apelantes.

No. 3181.—*Visto:* Enero 13, 1928. *Resuelto:* Abril 19, 1928.

*Dubón & Ochoteco, Juan B. Soto* y *M. Pesquera,* abogados de los apelantes; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal

La acusación copiada en lo pertinente, dice:

"Que allá por los primeros días del mes de abril de 1924, con anterioridad a la presentación de esta denuncia, los acusados Pedro F. Gotay, Eugenio Pérez Ríos y Ernesto Jiménez, en Comerío, P. R., que forma parte del Distrito Judicial Municipal de Bayamón, P. R., ilegal, voluntaria y maliciosamente, obrando juntos y de común acuerdo, conspiraron, combinaron y se pusieron de acuerdo, Pedro F. Gotay y Ernesto Pérez Ríos para vender como vendieron y Ernesto Jiménez para comprar como compró, por la cantidad de ochenta dólares, los cuestionarios oficiales del Departamento de Educación de Puerto Rico, a sabiendas de que dichos cuestionarios habían sido indebida e ilegalmente obtenidos por Pedro F. Gotay y Ernesto Pérez Ríos de personas cuya identidad se ignora, y los cuales cuestionarios contenían las preguntas correspondientes a seis asignaturas, a saber: Historia, Geografía, Fisiología, Naturaleza, Gobierno Civil y Aritmética, de los exámenes para profesor Graduado, que habían de celebrarse como se celebraron, por dicho Departamento de Educación, los días 14 y 15 de abril de 1924, en Comerío, P. R., y que fueron objeto de los mismos, y cuyos cuestionarios eran de carácter secreto y no podían ser entregados a los examinandos hasta el mismo día del examen, en la inteligencia de que dicho Jiménez usara esos cuestionarios, como los usó, suministrándolos a Juana Jovita Rodríguez y Georgina del Valle, a sabiendas de que estos últimos eran aspirantes admitidos a examen para obtener licencias de profesores graduados y quienes utilizaron dichos cuestionarios para prepararse previamente para contestar dichos exámenes y obtener así, en su oportunidad, de manera ilegal, corrupta y maliciosa la licencia para el ejercicio de la profesión de maestro graduado en la Isla de Puerto Rico, actos perjudiciales a la moral pública y encaminados a pervertir u obstruir la debida administración de las leyes, facilitando de ese modo los medios de adquirir títulos de maestros graduados para ejercer en las escuelas públicas de Puerto Rico a personas no preparadas para ello."

Sometidos a juicio, los tres acusados fueron declarados culpables y condenados a sufrir treinta días de cárcel cada uno.

No conformes, apelaron para ante este tribunal, habiendo formulado su alegato Gotay y Pérez por sus abogados Dubón & Ochoteco, y Jiménez el suyo por su abogado Juan B. Soto.

Nos referiremos primero al alegato de Gotay y Pérez. En él se señalan cuatro errores.

Se sostiene que la corte erró al declarar sin lugar la moción de sobreseimiento presentada por los acusados basándose en que transcurrieron más de sesenta días desde la fecha en que fueron arrestados y prestaron fianza hasta el día en que se radicó la acusación.

En relación con la moción de sobreseimiento todo lo que los autos muestran es lo que sigue:

"Los tres acusados, por sus abogados, presentaron una moción de sobreseimiento, alegando que han transcurrido 60 días desde la fecha del arresto de los acusados hasta la presentación de la acusación y fué argumentada. El Fiscal presentó, argumentando en contra de la moción, la fianza prestada por los acusados, y la moción fué declarada sin lugar por la Corte, tomando excepción los abogados de los acusados."

Luego, a virtud de una moción sobre corrección de autos, se archivaron copias de la moción y de las fianzas. Las fianzas se prestaron el propio día 22 de mayo de 1924 en que se decretó el arresto de los acusados. La acusación se archivó el 22 de julio de 1924. Entre una fecha y otra median sesenta y dos días, o sea dos días más del término fijado por la ley.

Sin embargo, la cuestión levantada no tiene la importancia que a primera vista parece. Como sostiene el fiscal, la moción de sobreseimiento se presentó en la corte de distrito que no era la corte en que originalmente se archivó la acusación.

No hay constancia de que en la Corte Municipal de Bayamón que tuvo jurisdicción original de la causa, los acusados invocaran su derecho de sobreseimiento y siendo ello así, debe entenderse dicho derecho renunciado.

■ En el segundo señalamiento de error sostienen los apelantes que la acusación podría tal vez imputar un delito de hurto, pero nunca uno de conspiración.

Conocemos la acusación. A nuestro juicio es suficiente. "A fin de que una combinación sea castigable," dice

*Corpus Juris* resumiendo la jurisprudencia, "debe ser formada·ya sea para realizar un acto ilegal o un acto legal valiéndose de medios criminales o ilegales. Si el fin perseguido es inocente y los medios usados también lo son, entonces no hay conspiración. Sin embargo, para que haya responsabilidad criminal no es necesario que los actos proyectados constituyan un delito para el cual, sin que existan los elementos del delito de conspiración, una sola persona puede ser procesada. Es un delito independiente del delito o del acto ilegal proyectado; y será suficiente si los actos proyectados son corruptos, deshonestos, fraudulentos o inmorales, y en tal sentido ilegales. Una conspiración es procesable si el fin que se persigue o los medios que se van a emplear, aunque no sean criminales, son, con motivo de la combinación, particularmente ofensivos al bienestar público o particularmente perjudiciales a algún individuo." 12 C. J. 547.

Y esta Corte Suprema en el caso de *El Pueblo* v. *Juliá*, 25 D. P. R. 284, 296, se expresó así:

"Esos diversos actos eran fuerte prueba circunstancial demostrativa de que los acusados estaban combinados para admitir a exámenes a personas incapaces para ello y para expedir título a personas desconocedoras de la profesión de farmacia, facilitándoles las contestaciones porque no conocían las asignaturas requeridas por la ley y que a ese fin unos ejecutaban unos actos y otros de los conspiradores otros, lo que es bastante para llevar a la conclusión de que existía entre ellos una conspiración con el fin indicado, que es contrario a la salud pública y a la debida administración de las leyes, ya que no es necesario probar la conspiración misma porque por lo general sería imposible presentar dicha prueba por evidencia directa dada la reserva con que se adoptan esos planes consistiendo generalmente la prueba en inferencias o presunciones derivadas de ciertos hechos realizados, siendo bastante cuando uno ejecuta parte del plan de la combinación y el otro otra parte del mismo, para ejecutarlo enteramente, aún cuando jamás se reunieran para concertar los medios o para poner en práctica el propósito común. *People* vs. *Donnolly*, 143 Cal. 398; *United States* vs. *Sacia*, 2 Fed.

754. En *People* vs. *Bentley*, 75 Cal. 409, se cita de Greenleaf lo siguiente: 'Si se prueba que los acusados perseguían con sus actos el mismo propósito, frecuentemente por iguales medios, realizando uno una parte y el otro la otra parte para completarlo teniendo en perspectiva la ejecución del mismo fin, el jurado estará justificado en llegar a la conclusión de que estaban confabulados en una conspiración para realizar tal objeto. 3 Greenleaf Ev. sec. 93.' ''

Por medio de los errores tercero y cuarto se sostiene que la prueba fué insuficiente.

En el alegato del fiscal se resume dicha prueba debidamente como sigue:

''Allá por el día 14 y 15 del mes de abril de 1924 habían de celebrarse en Comerío ciertos exámenes para profesores graduados. Aparece de la prueba que estos exámenes eran preparados por el Departamento de Instrucción, por medio de los Inspectores Generales y el Assistant de dicho departamento, y una vez preparados y copiados debidamente dichos exámenes eran remitidos por correo certificado al Inspector de Escuelas de Comerío, con encargo de abrirlos momentos antes del examen; que dichos cuestionarios eran secretos y que ninguna persona podía verlos a no ser aquellas que intervenían en la preparación de los mismos.

''Que en la fecha a que se refieren los hechos los acusados Pedro F. Gotay y Eugenio Pérez Ríos estuvieron un mes antes en el Pueblo de Comerío y trataron de vender a cierto profesor de Comerío los referidos cuestionarios, que eran los mismos que habían de ser usados para los exámenes; que dicho profesor rehusó comprar dichos cuestionarios, y que estando conversando con los acusados en un cuarto de un hotel de Comerío en relación con este asunto, se presentó el otro acusado, Ernesto Jiménez, quien era también profesor en Comerío y quien había de tomar los exámenes, y entonces los acusados Gotay y Pérez Ríos ofrecieron al citado Jiménez las copias de dichos cuestionarios por la cantidad de $30.00, lo que el acusado Jiménez aceptó pero con la condición de pagarlos después de los exámenes, y que, además, firmó un documento por la cantidad de $80.00, el cual entregó al otro profesor.

''Que el citado Jiménez, una vez que hubo recibido los cuestionarios, ofreció uno en venta, por la cantidad de $50.00, a la profesora Juana Jovita Rodríguez, quien había de examinarse también para profesora graduada, conviniendo ésta en pagar los $50.00 después de los exámenes, si era que dicho cuestionario coincidía con

los exámenes que se presentaran. Dicho cuestionario resultó idéntico a las preguntas que se entregaron a los aspirantes por el Departamento de Instrucción para el examen.

"Aparece probado en los autos que la citada Juana Jovita Rodríguez se examinó, de acuerdo con el cuestionario que le fué suministrado por el acusado Jiménez, y dicha Juana Jovita Rodríguez reconoció como firmadas por ella las preguntas y contestaciones, y las que fueron entregadas al Inspector de Escuelas una vez terminado el examen.

"También se presentó como prueba el cuestionario del Departamento de Instrucción para los exámenes de profesores graduados en dicho pueblo de Comerío, que era exactamente igual a los cuestionarios vendidos por los acusados Gotay y Pérez Ríos a Jiménez y que éste más tarde vendió a Juana Jovita Rodríguez."

Es bastante, a nuestro juicio.

El art. 62 del Código Penal dice:

"Si dos o más personas conspiraren (1) para cometer algún crimen; (2) para acusar falsa y maliciosamente a otra persona de algún crimen, o conseguir que se denuncie o arreste a otra por algún crimen; (3) para promover o sostener algún pleito, causa o proceso infundadamente; (4) para estafar y defraudar a alguna persona en sus bienes por medios en sí criminales, u obtener dinero o bienes valiéndose del engaño; y (5) para cometer algún acto perjudicial a la salud pública, o encaminado a pervertir u obstruir la justicia o la debida administración de las leyes, tales personas serán penadas con cárcel por un término máximo de un año, o multa máxima de mil dólares, o ambas penas."

Es el número 5 el aplicable. No es necesario investigar, por tanto, si existe o no prueba de si los acusados sustrajeron o conspiraron para sustraer los documentos. Se parte de la base de que los acusados en alguna u otra forma que necesariamente tuvo que ser ilegal estaban en posesión de los cuestionarios. Y ya en posesión de ellos conspiraron para realizar el acto perjudicial a la salud pública, encaminado además a pervertir y obstruir la debida administración de las leyes, que se les imputa en la acusación y se probó en el juicio. El acto delictivo imputado y probado consiste en esa clase de conspiración. A virtud de ella, se violaron

los Reglamentos y métodos del Departamento de Educación que para cumplir con su deber de elegir para las escuelas profesores competentes los examina por medio de cuestionarios secretos, a fin de que las contestaciones no puedan llevarse preparadas de antemano, y se realizó el acto evidentemente perjudicial a la salud del pueblo de corromper la conducta de futuros funcionarios a quienes había de encomendarse la educación de los niños de la comunidad, todo ello realizado para obtener un beneficio pecuniario, esto es, con intención fraudulenta. Las consecuencias del plan de los acusados, bajo cualquier aspecto que se las considere, son claramente contrarias al bien del pueblo en general. El pueblo, por medio de su Legislatura ha previsto la existencia de tales actos corruptores y ha señalado el correspondiente castigo para que no puedan realizarse impunemente.

El alegato del acusado Jiménez señala tres errores. No trata la cuestión del sobreseimiento. Se limita a sostener que la acusación es insuficiente, que fué también insuficiente la prueba y que por tanto no debió haberse dictado una sentencia condenando al acusado.

Es cierto que Jiménez no intervino en los primeros actos, pero es cierto también que la acusación le imputa y la prueba demostró que intervino con pleno conocimiento de todo no sólo para comprar y servirse él mismo de los cuestionarios sino para venderlos como los vendió a otros examinandos, asociándose así a la conspiración criminal comenzada y haciendo posible su realización en la práctica. Y él fué por tanto, lo mismo que Gotay y Pérez, debidamente acusado y condenado.

Parece conveniente citar aquí la siguiente jurisprudencia que tomamos de Corpus Juris. Dice:

"Si bien para que proceda la convicción de varias personas acusadas en una sola acusación del delito de conspiración debe probarse que cada una de ellas ha participado en la conspiración con anterioridad a la consumación del acto que se va a realizar, no es

esencial a la convicción de una persona o personas acusadas de conspiración que ella o ellas hayan dado origen a tal conspiración. Todas las personas que acceden a una conspiración después de haber sido formada y mientras ésta está en vías de ejecución y todas aquellas que con conocimiento de los hechos concurren en los planes originalmente formados y contribuyen en su ejecución son co-conspiradores. Cometen un delito tan pronto entran a formar parte de la transacción o coadyuvan al plan original. Una persona que entra a formar parte de una conspiración después de haber sido formada es en derecho considerada como parte en todos los actos realizados por cualquiera de las otras personas, ya sean cometidos antes o después tendentes a la realización del designio común." 12 C. J. 579.

*Por virtud de todo lo expuesto debe confirmarse la sentencia recurrida.*

El Juez Asociado Sr. Wolf disintió. El Juez Asociado Sr. Texidor no intervino.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

La acusación en este caso, según me parece, sólo imputa el siguiente y único acto constitutivo del delito de conspiración: que Pedro F. Gotay y Eugenio Pérez Ríos conspiraron para vender, y Ernesto Jiménez para comprar, etc., ciertos cuestionarios. Todo el resto de la denuncia ha sido puesto para complementarla, con el fin de demostrar el resultado malévolo de la alegada combinación, las actuaciones anteriores y el conocimiento y la intención delictiva de las partes al tiempo de efectuarse la venta por dos de los acusados y la compra por el tercero de ellos. El único verdadero acto de conspiración imputado es el que se refiere a la compra y a la venta. En toda compraventa tiene que haber alguien que venda y alguien que compre. Necesariamente tiene que haber una conjunción de voluntades (meeting of minds) al efectuarse una venta o una compra, pero tal conjunción no retrocede a los actos delictivos anteriores de los vendedores o a las intenciones que el comprador tenía en perspectiva.

La conjunción de voluntades para efectuar la venta es el único acto de conspiración realmente imputado, y sostengo que tal conjunción, siendo generalmente un acto lícito y esencial en un .contrato, no se transforma en una conspiración con motivo de actuaciones o fines anteriores o ulteriores. El acto descrito como una conspiración es una venta, aunque el objeto vendido fuera obtenido ilegalmente. Ahora bien, aunque soy de opinión que se hubiera podido redactar una denuncia que abarcara todos los actos realizados por los acusados, mi contención es que el fiscal no lo hizo así, sino que se limitó a describir o caracterizar como conspiración lo que meramente es un acto de compra-venta.

Pongamos por ejemplo el caso de comprar propiedad a sabiendas de que ha sido hurtada. Generalmente, esto constituye un delito por sí solo. Este único acto no equivale a una conspiración, aunque en una denuncia se agregue la alegación de que tanto el comprador como el vendedor se confabularon para despojar al verdadero dueño de su propiedad. Otros ejemplos podrían imaginarse fácilmente, o son indicados en el alegato de los apelantes.

Cuando una persona vende y otra compra, y eso es todo lo que se les imputa que conspiraron hacer, no se describe un delito de conspiración.